IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 07CV00139

PINEHURST, LLC )
)
        Plaintiff, )
)
vs. )
)
MARGARET MORRIS )
)
        Defendant. )

FILED MAY 30 2007

**FINAL CONSENT JUDGMENT**

This matter coming to the Court pursuant of the Parties' desire to resolve this matter through entry of the Judgment reflected herein, and the Court being fully advised in the premises, and it appearing that:

1. As used herein, "Plaintiff" refers to Pinehurst LLC, the successor-in-interest to Pinehurst, Inc.

2. As used herein, "Defendants" refer to named defendant Margaret Morris, Nancy B. Manley, P.O. Box 396 Village of Pinehurst, North Carolina ("Manley") and Sterling Selections, a company owned by Manley ("Sterling").

3. Defendants waive any affirmative defenses to the Complaint in this case, and consent to the subject matter and personal jurisdiction of this Court.

4. Plaintiff is the owner of several federal and/or common law trademark and service marks for the terms "PINEHURST," and Pinehurst Resort & Country Club" for a variety of services, including "Pinehurst" for country club and golf services (Registration No. 1,601,470), and for resort and hotel services (Registration No.

1

1,594,515); and "Pinehurst Resort & Country Club" for country club and golf services (Registration No. 1,663,828), and for resort and hotel services (Registration No. 1,663,739) (collectively the "Pinehurst Registered Marks"). Plaintiff's Pinehurst Registered Marks are inherently distinctive and were registered as such on the Principal Register of the United States Patent and Trademark Office. Those registrations have achieved "incontestable" status under the Federal Trademark Act. In addition, Plaintiff owns common law service marks for "Pinehurst" and "Pinehurst Resort" for these same services. Plaintiff's federal and common law marks are individually and collectively referred to as "Plaintiff's Pinehurst Marks."

5. Because of the high quality of Plaintiff's Pinehurst Marks, unsolicited favorable media reports concerning these marks, and Plaintiff's decades of widespread promotion Plaintiff's Pinehurst Marks are famous.

6. Plaintiff offers "Pinehurst" golf, resort, and accommodation services to customers throughout the world, including in the United States.

7. Defendants own and have used and advertised several websites, including a website with the domain name, "**pinehurstgolfpackages.net**" and used on that website and the website "**sandhillsgolfpackages.net**" the term "Pinehurst" alone and with other terms such as "Pinehurst resort," "**pinehurstgolfpackages.net**," "Pinehurst Golf," "Pinehurst Golf Vacation Packages," "Pinehurst golf courses," "Pinehurst accommodations," and "Pinehurst area" as service marks and to advertise golf, resort and accommodation services and related services to customers throughout the world, including in the United States. Defendants have

2

purchased a platinum registration from Proxy, Inc. for **"pinehurstgolfpackages.net"** to be registered at GoDaddy.com and have attempted without success to have this domain name be transferred to Plaintiff.

8. Defendants' unauthorized use of Plaintiff's Pinehurst Marks in their domain name service marks and advertising serves as a triggering mechanism for the sale of golf, resort and accommodation services from Defendants' websites and creates interest in Defendants' websites.

9. Defendants' unauthorized use of Plaintiff's Pinehurst Marks will likely cause confusion, deception and mistake because the relevant public will believe that Plaintiff and Defendants are the same company, have common ownership, are affiliated or connected and that Plaintiff has authorized or approved Defendants' websites that use the term "Pinehurst" as described above and approved the services that Defendants' web site advertises with the use of the term "Pinehurst".

10. Defendants' use of Plaintiff's Pinehurst Marks, including but not limited to **"pinehurstgolfpackages.net"** "Pinehurst Golf," "Pinehurst Golf Vacation Packages," "Pinehurst golf courses," "Pinehurst accommodations," and "Pinehurst area" reduces the selling power of Plaintiff's Pinehurst Marks and will cause actual and a likelihood of dilution by blurring of Plaintiff's Pinehurst Marks, and by tarnishment because those services are of lesser quality than Plaintiff's services.

11. Unless and until Defendants' use of and reference to "Pinehurst," **"pinehurstgolfpackages.net"** "Pinehurst Golf," "Pinehurst Golf Vacation Packages," "Pinehurst golf courses," "Pinehurst accommodations," and

3

"Pinehurst area" and other uses of "Pinehurst" that have appeared on their websites are permanently enjoined, Plaintiff will suffer irreparable injury, and the public will be confused and deceived.

It is accordingly ORDERED and ADJUDGED that, effective 5/30 , 2007:

1. That this Court grant a nationwide preliminary and permanent injunction enjoining Defendants and each of their respective owners, affiliates, subsidiaries, associates, directors, officers, agents, servants, employees, and all others under each of their control or acting in concert therewith or having knowledge thereof, including but not limited to Margaret Morris, Nancy Manley, and Sterling Selections from engaging in counterfeiting activities in violation of the Lanham Act.

2. That this Court grant a nationwide preliminary and permanent injunction enjoining Defendants and each of their respective owners, affiliates, subsidiaries, associates, directors, officers, agents, servants, employees, and all others under their control or acting in concert therewith or having knowledge thereof, including but not limited to Margaret Morris, Nancy Manley, and Sterling Selections from using any mark, word, term, name, symbol, or device identical or confusingly similar as the Plaintiff's Pinehurst Marks alone or in combination with any other term, symbol, and/or design, including but not limited to "Pinehurst area," in connection with any golf, resort or accommodation services, including but not limited to advertising, offering or providing packaged golfing and accommodation services, provided however, they are permitted to use the term "Village of Pinehurst" in a geographic sense only if all terms are in the same font, color and size, that "Pinehurst" is not emphasized in any way and that the term "Village of Pinehurst" is used in a truthful and non misleading manner.

4

3. That this Court grant a nationwide and permanent injunction enjoining Defendants and each of their respective owners, affiliates, subsidiaries, associates, directors, officers, agents, servants, employees, and all other acting in concert therewith or having knowledge thereof, from advertising, promoting or selling goods or services including the use of the Internet, domain name, e-mail address, meta-tags or using invisible data, search engine, key words, in conjunction with the term "Pinehurst" alone or in combination with some other term and/or design, including but not limited to "**pinehurstgolfpackages.net**" "Pinehurst Golf," "Pinehurst Golf Vacation Packages," "Pinehurst golf courses," "Pinehurst accommodations," "Pinehurst Golf Packages," "Pinehurst Resort," and "Pinehurst area," or taking any action that would dilute the distinctive quality of Plaintiff's Pinehurst Marks or tarnish the good will associated with these marks.

4. That this Court grant a nationwide and permanent injunction enjoining Defendants and each of their respective owners, affiliates, subsidiaries, associates, directors, officers, agents, servants, employees, and all other acting in concert therewith or having knowledge thereof from adopting or using any domain name, whether commercial or not, that includes the term "Pinehurst" or any confusingly similar term, either alone or in combination with some other term and/or design.

5. That this Court require Defendants to immediately take all steps at their expense necessary to transfer and assign to Plaintiff their "**pinehurstgolfpackages.net**" "**pinehurstgolf.ws**"; "**pinehurstgolfpackages.biz**"; "**pinehurstgolfpackages.us**"; "**pinehurstgolfvacations.net**"; "**pinehurstncgolf.com**" domain registrations and any other domain names they own that include "Pinehurst" or any confusingly similar names or marks and

5

that all Registrars or other companies, with knowledge of the same shall transfer their domain names to Plaintiff, including but not limited to Go Daddy Software, Inc. and Proxy, Inc.

6. That the Court order that Defendants file with the Court a sworn Certification of Compliance within thirty (30) days from the date of this Order for Permanent Injunction which sets forth in detail the nature and substance of their compliance with the terms of this Order.

7. This action and any counterclaim that could have been filed is hereby dismissed with prejudice with each Party to bear its own attorney's fees and costs.

This the 30th day of May, 2007.

/s/ 
United States District Judge

We ask for this:

/s/ W. Andrew Copenhaver
W. Andrew Copenhaver (NCSB # 944)
W. Ellis Boyle (NCSB # 33826)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, North Carolina 27101

Stephen M. Trattner
THE LAW OFFICES OF STEPHEN M. TRATTNER
1140 19th Street, N.W.
Suite 210
Washington, D.C. 20036

John J. Dabney
McDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, DC 20005-3096

*Attorneys for Plaintiff Pinehurst, LLC*

*Attorneys for Plaintiff Pinehurst, LLC*

_____
Margaret Morris

Subscribed to and sworn before me this 27th day of April, 2007

_____
Notary Public  Deborah S Key
my comm expires 1-28-12

SEAL

_____
Nancy B. Manley

Subscribed to and sworn before me this 27th day of April, 2007

_____
Notary Public  Deborah S Key
my comm. expires 1-28-12

SEAL

7

Sterling Selections

_____
By Nancy B. Manley

Subscribed to and sworn before me this 27 day of April, 2007

_____
Notary Public Deborah S Key
My comm. expires
1-28-12
SEAL